UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN INGRAM,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, et al.,<br><br>        Defendants. | Case No. 12-cv-02777-JST<br><br>**ORDER RE: DEFENDANTS' ADMINISTATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 57 |

Before the Court is the Administrative Motion to File Under Seal filed by Defendants Pacific Gas & Electric Co. and PG&E Corp. (collectively, "PG&E") on August 23, 2013.[1] ECF No. 57.

I. **LEGAL STANDARD**

A party seeking to seal a document filed with the Court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).

---

[1] This Court's Standing Order Regarding Administrative Motions to File Under Seal, available at cand.uscourts.gov/jstorders, requires that motions to file under seal contain certain information, including the many items of information that do not appear in the instant motion: a statement that the filing party has reviewed and complied with the standing order; a statement that the filing party has reviewed and complied with Civil Local Rule 79-5, General Order 62, and the instructions for e-filing under seal at http://cand.uscourts.gov/ecf/underseal; and a statement or chart identifying the entity that has designated the materials to be sealed as confidential. The motion must also be served with a copy of Local Rule 79-5. Here, it was not.

Defendants sought to cure these deficiencies by filing an unauthorized reply brief, Civil L.R. 7-11(c) ("Unless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due"), without leave of Court. Notwithstanding, the Court has considered the briefs of both parties in their entirety.

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that establishes that the material is: (1) privileged or protectable as a trade secret or otherwise entitled to protection under the law"; and (2) "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(a). "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Id. Additional requirements apply depending on whether the party seeks to seal an entire document, only portions of a document, or a document that was designated as confidential by another party. Civil L.R. 79-5(b)–(d).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178–79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179. On the other hand, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## II. DISCUSSION

Since PG&E proposes to file under seal documents related to its summary judgment motion, the "compelling reasons" standard applies to the sealing request. Under Kamakana, 447 F.3d at 1178, "compelling reasons" to seal exist when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).

PG&E seeks to seal documents containing information that falls into three categories: information that is private to Plaintiff; information that is private to third parties; and PG&E's

confidential and proprietary information.

### A.   Plaintiff's Right to Privacy

Citing Plaintiff's right to privacy, PG&E seeks to file under seal exhibits to the declarations of Boris Gankin, ECF No. 62, and Michelle Lee, ECF No. 53, in support of PG&E's motion for summary judgment. The documents consist of: Plaintiff's employment application materials (Lee Decl., Exs. A, B); Plaintiff's employee performance records (Gankin Decl., Ex.s C, G; Lee Decl., Exs. E, F); correspondence concerning Plaintiff's performance (Gankin Decl., Exs. D, E, F, O, S; Lee Decl., Exs. G, H, J, K, L, M, Q); union grievance documents (Gankin Decl., Ex. J, R; Lee Decl., Exs. O, P); and the letter PG&E sent Plaintiff terminating his employment (Lee Decl. Ex. N).

Plaintiff opposes the sealing of each document and consents to their public disclosure. PG&E provides no argument or legal authority for the proposition that the documents should be filed under seal. Because the only conceivable basis for sealing is to protect Plaintiff's privacy rights, and because Plaintiff has explicitly consented to the public disclosure of these documents, the Court finds that PG&E has failed to advance a "compelling reason" why the material should be sealed. The Court therefore DENIES PG&E's motion to file under seal as to Exhibits C, D, E, F, G, J, O, R, and S to the Declaration of Boris Gankin in support of PG&E's Motion for Summary Judgment, ECF No. 62, and Exhibits A, B, E, F, G, H, J, K, L, M, N, O, P, and Q to the Declaration of Michelle Lee in support of PG&E's Motion for Summary Judgment, ECF No. 53. Pursuant to Civil Local Rule 79-5, PG&E "may retain the document[s] and not make [them] part of the record in the case, or, within 4 days, re-submit the document[s] for filing in the public record."

### B.   Third Parties' Right to Privacy

Citing the right to privacy of third parties, PG&E seeks to file two documents under seal: Exhibit P to the Gankin declaration and Exhibit I to the Lee declaration. Exhibit P to the Gankin declaration contains the employee performance records of over a dozen of PG&E's employees. Exhibit I to the Lee declaration contains internal PG&E correspondence discussing potential disciplinary action PG&E considered taking with respect to Plaintiff and another employee. It

3

does not appear that Exhibit I identifies the other employee.

The sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1137 (9th Cir. 2003). However, "[s]imply redacting the identifying information of third parties (e.g., their names, addresses, telephone numbers, and social security numbers) from these records and disclosing the remaining information would not injure the third parties." See, e.g., Murphy v. Kavo Am. Corp., No. 11-cv-0410-YGR, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) ("[T]o the extent that redacting the identifying information would provide the Court, and the public, with meaningful information and not prejudice the individuals, documents containing private information should be filed in redacted form rather than sealed in their entirety. Third party privacy interests must be balanced against the public's interest in understanding the decisions made by the Court as a public forum for administering justice.").

PG&E seeks to file under seal Exhibit P to the Gankin declaration and Exhibit I to the Lee declaration in their entirety. That request is DENIED in part. PG&E shall submit proposed redactions for the Court's review within four days from the date of this Order, following which the Court will rule on the proposed redactions and order PG&E to file the redacted versions in the public record.[2] Alternatively, PG&E may file a notice of intent not to file the subject exhibits in the public record in any form, which will preclude the Court from considering them in connection with PG&E's motion for summary judgment.

### C.   PG&E's Proprietary and Confidential Information

PG&E seeks to file under seal Exhibits A, H, I, M, N, and Q to the Gankin declaration and Exhibits C and D to the Lee declaration because they consist of "highly proprietary policies and procedures of the company." Mot. p. 5. The entirety of PG&E's argument reads: "The confidential and proprietary information contained in these documents are not readily determinable from other sources, and PG&E would be prejudiced if it were publicly disclosed

---

[2] The Court notes that PG&E failed in the first instance to lodge unredacted versions of Exhibit P to the Gankin declaration and Exhibit I to the Lee declaration. In the future, as required by local rule, any party seeking to file material under seal must lodge unredacted copies of the material to be filed under seal.

because its competitors would be able to use the information disclosed to obtain an unfair economic advantage. Thus, these documents also meet the 'compelling reasons' standard articulated in Kamakana." Id. (citing Kimura Decl. ISO Admin. Mot. to File Under Seal, ECF No. 57 p. 7 ¶ 5). The Kimura declaration contains an identical assertion.

   Exhibit A to the Gankin declaration is a four-page document titled "Positive Discipline Guidelines." It is not apparent, and PG&E does not explain, how public disclosure of its discipline guidelines could disadvantage PG&E competitively. PG&E's "conclusory arguments" and "blanket" assertions that Exhibit A is "confidential and proprietary" are insufficient to overcome the presumption against sealing. Wells Fargo & Co. v. ABD Ins. & Fin. Servs., No. 12-cv-3856-PJH, 2013 WL 897914, at *2 (N.D. Cal. Mar. 8, 2013). PG&E's argument that the guidelines constitute a trade secret "conflates trade secrets with ordinary secrets. Information does not have value to a competitor merely because the competitor does not have access to it." Travelers Prop. Cas. Co. of Am. v. Centex Homes, No. 11-cv-3638-SC, 2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013) (plaintiff-insurer's "Construction Defect Review Guidelines" were not sealable because plaintiff failed to make proper showing). Moreover, on its own review of Exhibit A, the Court is not persuaded that the material is "sufficiently detailed to be likely to result in competitive harm." Lane v. Wells Fargo Bank, N.A., No. 12-cv-04026-WHA, 2013 WL 2627487, at *2 (N.D. Cal. June 11, 2013).

   Exhibit H to the Gankin declaration consists of internal PG&E correspondence over Plaintiff's performance on a test administered by PG&E. Nothing in the correspondence supports sealing the material, and PG&E provides no additional information concerning it. The same is true for Exhibit I (Plaintiff's substation switching logs); Exhibit M (a one-page document signed by Plaintiff setting out PG&E's "2009–2010 Driving Expectations: Commitment to Excellence"); Exhibit N (a three-page document setting out PG&E's employee conduct expectations, signed by Plaintiff); and Exhibit Q (documents consisting of PG&E's guidelines and commitments to a harassment- and discrimination-free workplace). Exhibit C to the Lee declaration is another employee conduct summary signed by Plaintiff, and Exhibit D is another driving expectations document, also signed by Plaintiff.

The Court has carefully reviewed each of these documents. None of them appears to contain any trade secret. None of them appears to present any risk of competitive harm to PG&E. In short, none of them disclose on their face, and PG&E does not provide, "compelling reasons supported by specific factual findings" to rebut the strong presumption in favor of public access to this information. Thus, PG&E's motion to file under seal Exhibits A, H, I, M, N, and Q to the Gankin declaration and Exhibits C and D to the Lee declaration is DENIED. Pursuant to Civil Local Rule 79-5, PG&E "may retain the document[s] and not make [them] part of the record in the case, or, within 4 days, re-submit the document[s] for filing in the public record."

### D. The Effect of the Protective Order

Briefly, the Court also addresses PG&E's overarching argument that the Stipulated Protective Order in this case requires it to file the documents in question under seal because they were designated as "Confidential" or "Attorneys' Eyes Only." Defs.' Reply, ECF No. 66 p. 2. The Protective Order on its face provides protection from public disclosure of documents by a "*receiving party*," not the designating party, which may authorize the public disclosure of documents it designated at any time. Prot. Order, ECF No. 25 § 12.3 (emphasis added). Since *PG&E itself* produced the documents at issue and designated them confidential, the Protective Order does not require it to file the documents under seal.

More fundamentally, PG&E's argument ignores the fact that a party's designation of a document as "Confidential" is not determinative, nor necessarily even helpful, on the question of whether that document should be filed under seal. A document designated as "Confidential" in discovery may ultimately be filed in the public record; conversely, a document produced without designation, or produced in the absence of a protective order, may later be filed under seal. One has nothing to do with the other. In any event, the burden to satisfy the "compelling reasons" and "good cause" standards, depending on the nature of the filing, remains at all times on the proponent of sealing — regardless of protective orders or agreements between the parties. See Prot. Order § 12.3 ("[A] sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law."); Civil L.R. 79-5(a) ("A stipulation, or a blanket protective order that allows a

1 party to designate documents as sealable, will not suffice to allow the filing of documents under

2 seal."); Kamakana, 447 F.3d at 1182 ("[T]he proponent of sealing bears the burden with respect to

3 sealing.").

### III.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.  Pursuant to Civil Local Rule 79-5, PG&E may retain the following exhibits and not make them part of the record in this case, or, within four days from the date of this Order, file the following documents in the public record:  Exhibits A, C, D, E, F, G, H, I, J, M, N, O, Q, R, and S to the Declaration of Boris Gankin in support of PG&E's Motion for Summary Judgment, ECF No. 62, and Exhibits A, B, C, D, E, F, G, H, J, K, L, M, N, O, P, and Q to the Declaration of Michelle Lee in support of PG&E's Motion for Summary Judgment, ECF No. 53.

2.  PG&E shall submit proposed redactions for the Court's review of Exhibit P to the Gankin declaration and Exhibit I to the Lee declaration within four days from the date of this Order, following which the Court will rule on the proposed redactions and order PG&E to file the redacted version in the public record.  Alternatively, PG&E may choose not to make those exhibits part of the record in this case.

**IT IS SO ORDERED.**

Dated:  September 24, 2013

_____
JON S. TIGAR
United States District Judge