UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN INGRAM,

    Plaintiff,

  v.

PACIFIC GAS & ELECTRIC COMPANY, et al.,

    Defendants.

Case No. 12-cv-02777-JST

**ORDER DEFERRING SUMMARY JUDGMENT PROCEEDINGS**

ECF No. 135

    The parties to this case are once again before the Court, this time in connection with Plaintiff's second request pursuant to Rule 56(d)[1] of Civil Procedure to continue the hearing on Defendants' summary judgment motion.

    Plaintiff's case for a continuance is not as strong as it might be. When the Court granted Plaintiff's prior Rule 56(d) request, and ordered that Plaintiff be allowed to take additional discovery, the Court ordered Plaintiff to prepare an order setting forth the Court's rulings. Plaintiff never did so, and as a consequence there are now disputes about the scope of the Court's prior orders that could easily have been avoided. Also, Plaintiff did not take his supplemental discovery expeditiously, leaving until February depositions that were ordered last fall. Finally, Plaintiff now complains about PG&E's discovery conduct, but never sought relief from Judge Spero, who is charged with resolving discovery disputes in this case in the first instance. Plaintiff argues that PG&E served inadequate interrogatory responses, but these responses were served in January. Plaintiff had ample time to complain to Judge Spero and seek relief, but he never did.

    On the other hand, PG&E continues to engage in discovery conduct that the Court has

---

[1] All references to rules are to the Federal Rules of Civil Procedure unless otherwise noted.

already clearly stated is not permissible or appropriate.  For example, PG&E's lawyers have continued to instruct witnesses not to answer questions on relevance grounds.[2]  They have made speaking objections with the clear effect of coaching the witness.  They have interrupted a deposition in the middle of a pending question to confer with a witness.

On balance, the Court finds that a second 56(d) continuance is the just result.  "[S]ummary judgment should not be granted while [the] opposing party timely seeks discovery of potentially favorable information."  Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1178 (9th Cir. 2006) (quoting Schering Corp. v. Home Ins. Co., 712 F.2d 4, 10 (2d Cir. 1983).  The Court now GRANTS Plaintiff's Rule 56(d) motion as follows:

1.   The hearing on PG&E's motion for summary judgment, and the remaining case schedule, is hereby VACATED.

2.   PG&E shall reconvene the depositions of Boris Gankin and Ed Bonnett for 4 hours each.  In addition, PG&E shall produce a Rule 30(b)(6) witness for deposition pursuant to the Rule 30(b)(6) deposition notice Plaintiff already served.  These three depositions will be supervised by a special master.  The shall meet and confer and propose a special master for appointment.  If the parties cannot agree, they may each propose one potential special master, and the Court will select one.  Costs of the special master shall be borne by PG&E.

---

[2]   Grounds for instructing a civil deponent not to answer a question are very limited. Under Rule 30(d)(1) of the Federal Rules of Civil Procedure, any objection "must be stated concisely and in a non-argumentative and non-suggestive manner," and the deponent may be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4) [to seek a protective order or limitation during the course of the deposition]."  The grounds for a motion under Rule 30(d)(4) are a showing that the deposition is being conducted in bad faith or "in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party."  *None of the grounds provided in Fed.R.Civ.P. 30(d) serve to justify an instruction not to answer based on counsel's belief that the question is outside the scope of relevance.*  To the contrary, even when objections are raised, "[e]vidence shall be taken subject to the objection." Fed.R.Civ.P. 30(c).

Universal Trading & Inv. Co. v. Kiritchenko, Case No. C-99-03073MMCEDL, 2007 WL 2300740 (N.D. Cal. Aug. 2, 2007) (emphasis added).  The limitations on instruction are now contained in Rule 30(c)(2).

3. Counsel shall refrain from making speaking objections. The *deponent* may ask for clarification of any question if in good faith he does not understand any portion of it, but counsel may not do so on his or her own initiative. If the full response to a question might include both privileged and unprivileged information, the deponent shall provide only the unprivileged information, if any. If a question calls solely for privileged information, counsel defending the deposition may instruct the witness not to answer by stating "objection, [name of, e.g., attorney-client] privilege, I instruct the witness not to answer." Instructions not to answer may be given for the reasons set forth in Rule 30(c)(2) and for no other reason.

4. The parties shall file any other extant discovery disputes within fourteen days of the date of this order, to be addressed by Judge Spero. Any dispute not then raised will be waived.

5. Within five court days of the completion of the discovery ordered herein, any additional discovery ordered by Judge Spero, and the final resolution of all discovery disputes between the parties, the parties shall submit a case management conference statement and request the setting of a case management conference. The parties shall meet and confer regarding a schedule for PG&E's summary judgment motion, as set forth below, and all other case deadlines, and shall address those matters in their statement.

6. If any dispute arises in the conduct of the discovery ordered here, or any discovery ordered by Judge Spero, the aggrieved party must seek relief from Judge Spero. Absent good cause, a discovery dispute should not appear on the docket for the first time in connection with a motion under Rule 56(d).

7. Plaintiff's request to file documents for *in camera* review is DENIED. The parties shall meet and confer concerning the use of these documents. Any disputes concerning their use shall be addressed to Judge Spero within fourteen days of this order, pursuant to item number 2 above.

8. PG&E's motion for summary judgment is hereby DENIED without prejudice. Rather than continue to invite supplemental briefs, the Court will set a briefing schedule for PG&E to file an opening motion, and for briefing to proceed in the normal course, as set forth above. Any request for sealing shall comply with the local rules and the Court's standing orders.

1   Chambers copies shall be lodged in accordance with the Court's standing orders.

2   **IT IS SO ORDERED.**

3   Dated: April 27, 2014

```
                                    _____
                                           JON S. TIGAR
                                    United States District Judge
```