UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN INGRAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, et al.,<br><br>　　　　Defendants. | Case No.  12-cv-02777-JST<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 197 |

Plaintiff Steven Ingram moves to file under seal several documents in connection with his opposition to Defendants' Motion for Summary Judgment. ECF No. 197. Defendants have filed a response to the motion, supported by two declarations. ECF Nos. 198, 199, 200. The Court hereby denies the motion.

I.     **LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all court documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

...

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached.  When a party seeks to file materials in connection with a dispositive motion, like the summary judgment motion here, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178-79 (internal citation omitted).

When the party who files the motion to seal is not the party who has designated the information or documents at issue confidential, the designating party must file a declaration in support of sealing within four days of the filing of the motion to seal.  Civ. L.R. 79-5(e)(1).  That declaration must explain how the documents meet the standard for sealing (i.e., here, the compelling reasons standard).  Id.

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## II.  DISCUSSION

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978).

Here, Defendants' declarations filed in response to Plaintiff's motion to seal do not establish that any of the documents that Plaintiff has submitted as subject to the parties' protective order, and that Defendants have designated as confidential, are subject to sealing.  See ECF Nos. 199, 200.  In fact, Defendants' response to the motion to seal explains that "almost all" of the documents Plaintiff has sought to file under seal are documents "that are not required to be filed under seal," and much of Defendants' response is dedicated to explaining why the documents should not be sealed.  See ECF No. 198.  Because Defendants have not explained why the documents Plaintiff identified as having been designated confidential and/or subject to the parties'

protective order should be sealed, the Court finds that Defendants, the designating parties, have not identified compelling reasons justifying the sealing of those documents.[1]

### III. CONCLUSION

For the foregoing reasons, Plaintiff's administrative motion to file under seal is hereby denied. Plaintiff "may file the document[s] in the public record no earlier than 4 days, and no later than 10 days, after" the entry of this order. Civ. L.R. 79-5(e)(2). If Plaintiff does not file the documents in the public record, the Court will not consider them. See id., subsection (f)(2).

The hearing date and briefing schedule on the underlying motion shall remain as originally set.

IT IS SO ORDERED.

Dated: April 6, 2015

_____
JON S. TIGAR
United States District Judge

---

[1] In Defendants' response to Plaintiff's motion to seal, Defendants also ask the Court to strike one late-filed deposition excerpt that Plaintiff intends to rely on in support of its opposition to the motion for summary judgment. See ECF No. 198 at 3, 5 (referring to Exhibit G to Plaintiff's motion to seal). The Court will deny this request for several reasons: the request was not submitted to the Court as a formal request for relief; the deposition excerpt spans only four and a half pages of testimony and though Defendants assert that the late submission of this document prejudices them, they have not explained how it does so; and the deposition at issue was not completed until nine days before Plaintiff's opposition was due.

3